```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA          ) CRIMINAL NO. 04-10111-MEL
                                  )
          v.                      ) VIOLATIONS:
                                  ) 21 U.S.C. § 841(a)(1) --
1.   JERMAINE ANDERSON,           )    Distribution of Cocaine
     a/k/a "TONY,"                )    Base
                                  )
2.   ALFRED G. RYAN and           ) 21 U.S.C. § 846 --
                                  )    Conspiracy to Distribute
3.   COREY SMITH,                 )    Cocaine Base
     a/k/a "BLACK" and            )
     "BLACKIE,"                   ) 21 U.S.C. § 860(a) - School
                                  )    Zone Violation
          Defendants.             )
                                  ) 18 U.S.C. § 2 --
                                  )    Aiding and Abetting
```

**INDICTMENT**

**COUNT ONE:**   (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine Base; 21 U.S.C. § 860(a) -- School Zone Violation)

The Grand Jury charges that:

On or about October 2, 2003, at Boston, in the District of Massachusetts,

1. JERMAINE ANDERSON, a/k/a "TONY,"

defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, within 1,000 feet of the real property comprising the George A. School, a public middle school.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860(a).

<u>COUNT TWO</u>:     (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine
                    Base; 18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

On or about October 2, 2003, at Boston, in the District of Massachusetts,

    1.    JERMAINE ANDERSON, a/k/a "TONY" and
    3.    COREY SMITH, a/k/a "BLACK" and "BLACKIE",

defendants herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

<u>COUNT THREE</u>:   (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine
Base; 21 U.S.C. § 860(a) -- School Zone Violation;
18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

On or about October 7, 2003, at Boston, in the District of Massachusetts,

    1.   **JERMAINE ANDERSON, a/k/a "TONY" and**
    3.   **COREY SMITH, a/k/a "BLACK" and "BLACKIE",**

defendants herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, within 1,000 feet of the real property comprising the George A. Lewis School, a public middle school.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860(a), and Title 18, United States Code, Section 2.

**COUNT FOUR:**     (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine Base; 21 U.S.C. § 860(a) -- School Zone Violation)

The Grand Jury further charges that:

On or about October 9, 2003, at Boston, in the District of Massachusetts,

    3.    **COREY SMITH, a/k/a "BLACK" and "BLACKIE,"** defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, within 1,000 feet of the real property comprising the George A. Lewis School, a public middle school.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860(a).

4

<u>COUNT FIVE</u>:       (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine
                        Base; 21 U.S.C. § 860(a) -- School Zone Violation)

The Grand Jury further charges that:

On or about October 9, 2003, at Boston, in the District of Massachusetts,

    1.    JERMAINE ANDERSON, a/k/a "TONY"

defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, within 1,000 feet of the real property comprising the George A. Lewis School, a public middle school.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860(a).

**COUNT SIX:**     (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine
                    Base; 21 U.S.C. § 860(a) -- School Zone Violation)

The Grand Jury further charges that:

On or about November 6, 2003, at Boston, in the District of Massachusetts,

    1.    **JERMAINE ANDERSON, a/k/a "TONY,"**

defendant herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, within 1,000 feet of the real property comprising the George A. Lewis School, a public middle school.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860(a).

**COUNT SEVEN:**   (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine Base; 21 U.S.C. § 860(a) -- School Zone Violation; 18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

On or about November 19, 2003, at Boston, in the District of Massachusetts,

    1.    **JERMAINE ANDERSON, a/k/a "TONY" and**
    3.    **COREY SMITH, a/k/a "BLACK" and "BLACKIE",**

defendants herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, within 1,000 feet of the real property comprising the George A. Lewis School, a public middle school.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860(a), and Title 18, United States Code, Section 2.

**COUNT EIGHT:**     (21 U.S.C. § 846 -- Conspiracy to Distribute Cocaine Base)

The Grand Jury further charges that:

Beginning at least on or about November 20, 2003, and continuing through at least on or about November 22, 2003, at Boston, in the District of Massachusetts,

      2.    **ALFRED G. RYAN** and
  3.    **COREY SMITH, a/k/a "BLACK" and "BLACKIE,"**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other to possess with intent to distribute, and to distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges that the aforesaid offense involved five grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack." Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) is applicable to this offense.

All in violation of Title 21, United States Code, Section 846.

**COUNT NINE:**    (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine Base; 21 U.S.C. § 860(a) -- Playground Zone Violation)

The Grand Jury further charges that:

On or about November 20, 2003, at Boston, in the District of Massachusetts,

    3.    **COREY SMITH, a/k/a "BLACK" and "BLACKIE,"**

defendants herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, within 1,000 feet of the real property comprising the Little Scobie Playground.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860(a).

<u>COUNT TEN</u>:     (21 U.S.C. § 841(a)(1) -- Distribution of Cocaine
                     Base; 21 U.S.C. § 860(a) -- School Zone Violation;
                     18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

On or about November 22, 2003, at Boston, in the District of Massachusetts,

    2.   ALFRED G. RYAN and
    3.   COREY SMITH, a/k/a "BLACK" and "BLACKIE,"

defendants herein, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, within 1,000 feet of the real property comprising the George A. Lewis School, a public middle school.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860(a), and Title 18, United States Code, Section 2.

**A TRUE BILL**

_____
FOREPERSON OF THE GRAND JURY

_____
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS: April 8, 2004

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK   1:36 pm

11