UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA   )
            Plaintiff     )
                          )  Cr.# 04-10111-MEL
      v.                  )
                          )
COREY SMITH               )
            Defendant     )
_____  )
```

**SENTENCING MEMORANDUM OF DEFENDANT PURSUANT
TO F.R.Cr.P. RULE 32(a)(C) and 18 U.S.C. § 3553(a)**

This memorandum is being submitted to assist this Honorable Court in its determination of the most appropriate sentence for Mr. SMITH by addressing each of the available sentencing options under the provisions of 18 U.S.C. § 3553 (a) as now constitutionally required by the Supreme Court.  This memorandum will supplement the PSR and submit reasons why this Court should consider and grant a sentence that is below the advisory Guideline level based on **numerous factors in mitigation**.

In the post United States v. Booker and United States v. Fan Fan, (U. S. Supreme Court January 2005) world this Honorable Court is free to look at **all** the factors of 18 U.S.C. § 3553(a) in imposing a "reasonable sentence"  that is "sufficient, but not greater than necessary to comply with the purposes set forth [ in this provision]."

Of particular note, Justice Kennedy, in his 2003 speech to the American Bar Association openly commented on the unfair severity of federal sentences and the harmful effects that the

1

rigid application of the Sentencing Guidelines had on individuals and society as well as the Guidelines readily apparent failure:

"Our resources are misspent, our punishments too severe, our sentences too long....In the federal system the sentencing guidelines are responsible in part for the increase in prison terms....The Federal Sentencing Guidelines should be revised downward..."

In the instant case, Mr. SMITH stands before this Honorable Court ready to be sentenced for his participation in a small time street level conspiracy involving the distribution of (crack) cocaine.  Mr. SMITH was only directly, or singularly, involved in one **$ 30.00** sale because he was **unable** to "hook" the undercover officer up with a co-defendant who could make a $ 150.00 sale. PSR ¶ 25.  On other occasions he assisted in the cocaine sales by directing the officers to the street level co-defendant distributers. The total amount that Mr. SMITH can be held responsible for is 14.25 grams of (crack) cocaine. PSR ¶ 59.

No statutory mandatory minimum sentence applies to the case because no singular transaction or conspiratorial transaction or transactions (there existed overlapping conspiracies with separate co-conspirators) involved amounts greater than five grams. This Honorable Court is, therefore, free to look at disparity in sentences between crack and powder cocaine as well as numerous other factors in mitigation.  While crack/powder cocaine sentencing disparity has been found to be not unconstitutional as enacted, there is little question that

it is selectively enforced against African-American offenders. It is also true that crack cocaine prosecutions in federal court disproportionately impact African Americans causing one judge to call the racial disparity "appalling."  See United States v. Dumas, 64 F.3d 1427, 1431-32 (9th Cir. 1995); United States v. Armstrong, 48 F.3d 1508 n.1 (9th Cir. 1995).

Even the United States Sentencing Commission's Fifteen Year Report on federal sentencing recognized the continued disparate treatment of minority offenders based on the cocaine laws:

> A significant amount of the gap between Black and other offenders can, however, be attributed to the adverse impact of current cocaine sentencing laws. In addition, other changes in sentencing policies over the past fifteen years, particularly the harsher treatment of drug trafficking, firearm, and repeat offenses, have widened the gap among demographic groups. Whether these new policies contribute to crime control or to fair and proportionate sentencing sufficiently to outweigh their adverse impact on minority groups should be carefully considered by policymaker....
>
> Concern over possible racial or ethnic discrimination in federal sentencing remains strong today, fifteen years after implementation of guidelines designed to eliminate it

Without the Guidelines being mandatory this Honorable Court is free to look at comparative sentences and many traditional factors in mitigation that would help in imposing a just and fair sentence that is non-discriminatory. **Attached hereto** is a pre-Guideline calculation of cocaine sentences from the Parole Guidelines in effect in 1987.  Those calculations result in a calculation of **Category Four... Fair Salient Factor**

3

**Score for a total sentence of 26-34 months** based on similar offenders with similar records without regard to any ethnic or racial discrimination. Reductions could further be made for any "peripheral role" as well as other factors in mitigation.

## FACTORS IN MITIGATION

Mr. SMITH respectfully submits that this Honorable Court could take into consideration the following factors in mitigation:

**Post offense rehabilitation** Mr. SMITH has suffered a long history of substance abuse. PSR ¶s 104-108. Prior to the instant offense he never had been in any substance abuse treatment program. After the instant offense, and as a condition of release, Mr. SMITH voluntarily entered into the Spectrum House Program even though he would receive no credit towards his sentence. While at Spectrum he was the recipient of the "Most Improved" client award. PSR ¶ 107. While, most likely due to immaturity, Mr. SMITH was unable to comply with and maintain the rules of the sober house he transferred to, which resulted in a violation of his release conditions, he was still able to keep himself drug free. Such behavioral setbacks are often expected of young substance abusers. See letter from Pre-trial Services Officer Judith Oxford dated January 3, 2005. He has made significant "changes in himself and changes in the way he responded to others so as to separate him from his old ways." Id.

4

**Lack of Youthful Guidance**.  Mr. SMITH has a limited 10th grade education. He came from a broken family, living with his father who always worked.  He was not close to his mother who didn't want to be "stuck" with two children. PSR ¶s 92, 109.

**Victim of violent crime**.  Mr. SMITH was shot in the chest and suffered a collapsed lung several months prior to the instant offense.

**Overstatement of Criminal History**   Mr. SMITH has had a history of Massachusetts misdemeanors that has resulted in 10 day sentences and a distribution of marijuana case that resulted in a one year sentence after he violated probation.  All said offenses evidence how his prior history of substance abuse kept him from making rational choices.

**Disparity** with similar defendants with similar culpability.  As set forth above there is little question that the racial and ethnic disparity that results from crack vs powder cocaine prosecutions is an unwarranted disparity that can only be cured with judicial intervention. Continued focus by federal prosecutors on inner city "street level" dealers only increases this disparity.

**Peripheral or minor role**.  In most of the transactions, Mr. SMITH would simply direct the buyer or agent to the individual doing the actual selling. See PSR ¶s 18, 21, 37, and 48.

Lastly, Mr. SMITH respectfully submits that even if any one of the above reasons do not provide a sufficient ground for the sentence requested here, **the totality of circumstances** justify the "reasonable sentence" requested. Cf. United States v. Iaconetti, 59 F. Supp. 2d 139 (D.C. Mass 1999).

**RECOMMENDED SENTENCE**

Mr. SMITH, has now spent approximately **3 months actual time** in custody pending these proceedings.  A sentence to a Community Treatment Center for a year and a day would satisfy the one year mandatory term of incarceration required by 21 U.S.C. § 860(a) and also it would be a sentence that is no more than necessary to carry out the provisions of 18 U.S.C. § 3553(a).  Mr. SMITH, therefore requests that he be sentenced to **Probation for a term of 4 years with a condition thereof that he serve a year and a day in a CTC with credit for time served and that he be required to complete his GED or other educational plan as directed by Probation.** Such a sentence would avoid disparity, reflect the seriousness of the offense and provide Mr. SMITH with needed treatment and rehabilitation.  It is also a "reasonable sentence" well within the discretion of this Honorable Court.

Date: April 13, 2005         Respectfully submitted,

                             COREY SMITH,
                             By his attorney,

                             *s/Michael C. Bourbeau*
                             Michael C. Bourbeau (BBO #545908)
                             Bourbeau and Bonilla
                             77 Central St, 2nd Floor
                             Boston, MA 02109
                             (617) 350-6565

6