UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>        v.<br><br>COREY SMITH,<br>    Defendant. | )<br>)<br>)<br>)<br>)  Cr. No. 04-10111-MEL<br>)<br>)<br>)<br>) |

### DEFENDANT'S MOTION TO PRESENT EXPERT EVIDENCE AT SENTENCING REGARDING HIS DRUG ADDICTION <u>AND REHABILITATION</u>

Defendant Corey Smith, by his attorney, hereby moves this Court to permit him to be evaluated by a mental health professional with a view to presenting evidence at his sentencing hearing regarding the psychological factors that may have played a role in his drug addiction, and the extent to which he has addressed these underlying problems since his arrest on the offenses to which he has pleaded guilty.  As grounds therefor, defendant states:

    1.  On January 3, 2005, defendant pleaded guilty to six counts of crack distribution and one count of conspiring to sell crack.  All of these transactions, except one, took place within 1,000 feet of either a school or a playground, and involved a total of 14.25 grams of crack.

    2.  Although the Court found that the advisory guideline range for these offenses was 100-125 months based upon an adjusted offense level of 25 and a criminal history category of

V, it imposed a sentence of 46 months imprisonment followed by a six year period of supervised release.  In explaining the sentence, the Court noted the defendant's youth and his ability to turn his life around.  While acknowledging the serious nature of the aggravated offense of selling cocaine close to a school, it recognized that defendant was only involved in the offense for a limited period of time, and he did not appear to be a leader in the offenses.  The Court's belief that defendant's substance abuse played an important role in offense, and that he had the potential to turn his life around was a significant consideration in the sentence.  The Court noted that it appeared that defendant had committed the crimes in order to support his drug habit, and that, while on pretrial release, he had participated in drug abuse treatment for which, for the most part, he received positive reports and he had been gainfully employed.  <u>See</u> Disposition Hearing Tr. at 16-18.

    3.  On the government's appeal, the Court of Appeals vacated the sentence and remanded for resentencing consistent with its decision.  It found a sentence of less than half the minimum guideline range to be "plainly unreasonable" because "the offense is quite serious and the defendant's record unpromising, <u>and there are no developed findings to indicate that rehabilitation is a better prospect than usual</u>."  <u>United States v. Smith</u>, 445 F.3d 1, 7 (1st Cir. 2006)(emphasis added).

4.  Defendant believes that an evaluation by a mental health professional will provide the Court with the basis to make findings that indicate "that rehabilitation is a better prospect than usual" in defendant's case.  It is worth noting that in its Sentencing Recommendation, the Probation Office believed that defendant's participation in substance abuse treatment while on pretrial release and his ability to obtain employment "suggest that defendant can be successful" in his rehabilitation.  The Probation Officer also noted that the real work toward defendant's rehabilitation will be done during the lengthy six-year period of supervised release.  Finally, the somewhat intangible fact that during the presentence report interview defendant "presented with a certain intelligence and respectfulness that many other defendants, particularly similarly situated defendants, do not" played a role in the Probation Officer's recommendation of a sentence of imprisonment of 60 months that was substantially below the guideline range.  All of these comments suggest that there are reasons that defendant is a significantly better prospect for rehabilitation than usual, and that an evaluation by a mental health professional as to how defendant has dealt with problems that played a role in his addiction and in his criminal history may assist the Court in making the "developed findings" which the Court of Appeals found lacking.

WHEREFORE, defendant prays that this Court permit him to be evaluated by a mental health professional as an aid to sentencing in the above case.

COREY SMITH<br>
By his Attorney,<br><br>
/s/ *Jonathan Shapiro*<br>
Jonathan Shapiro<br>
BBO No. 454220<br>
Stern, Shapiro, Weissberg<br>
  & Garin, LLP<br>
90 Canal Street, Suite 500<br>
Boston, MA 02114-2022<br>
(617) 742-5800

Dated: May 31, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 5/31/06 .

/s/ *Jonathan Shapiro*