UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.             )<br>)<br>COREY SMITH,         )<br>     Defendant.    ) | CRIMINAL NO. 04-10111-MEL |

**GOVERNMENT'S OPPOSITION TO "DEFENDANT'S MOTION
TO PRESENT EXPERT EVIDENCE AT SENTENCING
REGARDING HIS DRUG ADDICTION AND REHABILITATION"
AND GOVERNMENT'S MOTION FOR AN ORDER DIRECTING
PRE-TRIAL SERVICES AND SPECTRUM HOUSE TO
DISCLOSE TO THE PARTIES RECORDS AND NOTES RELATING
TO DEFENDANT'S PRE-TRIAL SUPERVISION AND TREATMENT**

Now comes the United States of America, by and through the undersigned counsel, and submits herewith the Government's Opposition to "Defendant's Motion to Present Expert Evidence at Sentencing Regarding His Drug Addiction and Rehabilitation" and the government's Motion for an order directing Pre-Trial Services, Spectrum House and a sober house to disclose to the parties all records and notes relating to the defendant's pre-trial supervision and participation in substance abuse or other treatment programs. In support of its opposition and motion, the government sets forth the following:

1.   The First Circuit Court of Appeals has vacated the sentence initially imposed on the defendant, Corey Smith ("Smith"), and has remanded the case for re-sentencing. United States v. Smith, 445 F.3d 1 (1st Cir. 2006). At a recent status conference before the District Court, defense counsel made an oral motion to expend CJA funds for an expert evaluation of the defendant. To the best of the undersigned's recollection, defense counsel then argued that such an evaluation would focus on two issues which were contested at the original sentencing hearing: whether Smith had been "addicted" to marijuana at the time of his offense conduct and whether there was any causal

connection between his substance abuse and his offense conduct. The Court seemed skeptical concerning the utility of such an evaluation and directed defense counsel to file a written motion with an opportunity for the government to respond.

2. On May 31, 2006, defense counsel filed a motion in which the rationale for an expert evaluation appears to have changed. While the title of Smith's motion seeks leave "to present expert evidence at sentencing regarding his drug addiction and rehabilitation," the substance of the motion seeks leave to present evidence at sentencing regarding "the psychological factors that may have played a role in his drug addiction, and the extent to which he has addressed these underlying problems since his arrest. . . ." Defendant's Motion at 1. Whereas the government understood that an evaluation would seek to determine whether or not Smith had suffered from a drug addiction, it now appears that such an addiction is to be assumed and that an evaluation would focus on "the psychological factors" that might have contributed to such an addiction. Moreover, the other focus of the proposed evaluation has become the extent of Smith's alleged rehabilitation since he was arrested on the offenses of conviction.

3. The government submits that the nebulous and shifting objectives of the proposed expert evaluation underscore the unreliability of any report or testimony likely to result from such an evaluation. Any such evaluation at this time would necessarily rely primarily, if not exclusively, upon self-interested self-reports by the defendant himself as opposed to, for instance, an opportunity to observe the defendant over an extended period of time both before and since his arrest on the instant offenses. Moreover, the government submits that it would not be prudent to allow Smith to expend more public funds in order to obtain an "expert" evaluation of the extent of his alleged rehabilitation. The government seriously doubts, at least under the circumstances of this case, that

any "expert" could render a reliable opinion on such a subjective issue and, if the Court allows such an evaluation by a defense "expert," the government may well feel compelled to expend more public funds to have Smith examined by an "expert" selected by the government. If the defendant cannot point to objective, verifiable evidence of his own alleged post-arrest rehabilitation without recourse to an "expert" evaluation, the government submits that granting such a motion in this case will open the door to granting similar motions for indigent defendants in other cases who need something to "flesh out" run-of-the-mill rehabilitation arguments in mitigation of their sentence.

4. Granting Smith's motion would be especially wasteful of scarce public resources in light of the fact that, after his arrest, he was released to a treatment program and was supervised by Pre-Trial Services. Upon information and belief, Spectrum House would have provided Pre-Trial Services with an evaluation of Smith upon his discharge from its residential drug treatment program. While the government remains skeptical of any evaluation of Smith's substance abuse problem upon intake at Spectrum House because it would have been based entirely on self-reporting by Smith himself, at least the discharge report would be based on the opportunity treatment staff had to observe Smith's behavior over a period of months. The government continues to suspect that Smith was not so much addicted to marijuana as he was to a lifestyle which included hanging out on the street with friends during the day and "clubbing" on weekends as well as drug use and drug-dealing and which was made affordable by the drug-dealing and other crimes committed by Smith.

5. The government believes that the records and reports associated with Smith's treatment program at Spectrum House and with his brief sojourn at a sober house thereafter, together with the reports and records associated with his supervision with Pre-Trial Services will provide more meaningful insight into "the history and characteristics" of this defendant. 18 U.S.C.

§ 3553(a). Moreover, making those records available to the parties not only will make additional, expensive evaluations unnecessary but will maximize the value derived from the scarce public dollars already expended upon Smith's post-arrest treatment and supervision.

For all the foregoing reasons, the government respectfully requests that this Honorable Court (i) deny "Defendant's Motion to Present Expert Evidence at Sentencing Regarding His Drug Addiction and Rehabilitation" and (ii) grant the government's motion by issuing an order directing Spectrum House, the sober house to which the defendant was discharged and Pre-Trial Services to provide to the government and to defense counsel copies of all reports, evaluations and records relating to the defendant's post-arrest supervision and/or participation in residential treatment programs.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  *s/Patrick Hamilton/*
PATRICK M. HAMILTON
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
Date:   June 8, 2006			(617) 748-3251