UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>COREY SMITH, a/k/a "BLACK" )<br>and    "BLACKIE," )<br>)<br>Defendant. ) | CRIMINAL NO.  04-10111-MEL |

**SUPPLEMENT TO GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through the undersigned counsel, and submits herewith this Supplement to the Government's Sentencing Memorandum in connection with the re-sentencing of defendant Corey Smith ("Smith"), which, as of this writing, has yet to be scheduled.  At Smith's original sentencing hearing, the Court entertained sentencing recommendations from the parties before imposing on Smith a sentence which has been vacated by the Court of Appeals.  Immediately before imposing that sentence, and in order to explain its sentence, this Court, among other things, expressed its view that Smith had been "involved in the offense for a limited period of time. . . ." Transcript of April 19, 2005 Disposition Hearing ("Sent. Tr.") at 17, ll. 20-22.  The government did not have an opportunity to address or correct this perception on the part of the Court because it was followed moments later by the imposition of sentence.

The Court's perception that Smith was involved in the offense conduct over a relatively brief period of time apparently stems from the fact that the six crack cocaine distributions of which Smith was convicted spanned a 7-week period from October 2 until November 22, 2003.  Pre-Sentence Report ("PSR") ¶ 59.  However, the uncontested PSR also indicated that "[i]t was never an objective of the investigation to purchase as much crack cocaine as the undercover officers could purchase

over time from any single individual." PSR ¶ 10. Rather, "the objective of the investigation was to confirm and prove who as actually engaged in the sale of crack cocaine by making one or more purchases from those individuals." Id. The drug sales in which Smith participated happened to occur toward the end of the most active phase (mid-June to late November, 2003) of the Warren Gardens investigation. PSR ¶ 5.

Moreover, Smith's PSR indicated that Smith had violated the terms of his probation and had been sentenced to serve one year in a house of correction as recently as January 3, 2003. PSR ¶ 75. Since defendants are not eligible for parole until they have served at least one half of their house of correction sentence, it stood to reason that Smith could not have been released from custody until at the most a few months before his participation in the October 2, 2003 sale of crack cocaine to an undercover officer.

In fact, certified records from the Massachusetts Parole Board, copies of which are attached hereto as Exhibit 1, reveal that Smith was not discharged from the Suffolk County House of Correction until September 3, 2003, less than a month before the first offense of conviction, and then committed numerous parole violations. Exhibit 1 at 1-3. Smith appeared at a December 1, 2003 parole violation hearing at the conclusion of which his parole was revoked. Exhibit 1 at 4-8. Significantly, at that hearing, Smith admitted that "he knew he was in trouble with his Parole Officer . . . [and] did not turn himself in, instead waiting until they arrested him" as he was leaving his girlfriend's apartment. Exhibit 1 at 7. Therefore, Smith had been disharged from the House of Correction on September 3, 2003 and was back in custody sometime prior to December 1, 2003. In other words, **Smith's offenses of conviction spanned 7 of a possible 12 weeks (or less) that Smith was not in custody in the Fall of 2003**. When viewed in this factual context, it is clear that

it was Smith's freedom, not his criminal conduct, which was limited in duration and that he was engaged in criminal activity most of the time that he was at liberty.

The government respectfully submits that, far from being a factor weighing in favor of a reduced sentence, the duration and extent of Smith's criminal activity while on parole in the Fall of 2003 further reflect the need for a sentence "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C) and (D), and militate strongly in favor of a sentence within the applicable Guidelines Sentencing Range of 100-125 months.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    *s/Patrick M. Hamilton/*
PATRICK M. HAMILTON
Assistant U.S. Attorney
One Courthouse Way
Boston, MA 02210
(617) 748-3251

Date:   September 8, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed via the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date:   September 8, 2006            *s/Patrick Hamilton/*
                                     PATRICK M. HAMILTON