UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **COREY SMITH, a/k/a "BLACK"** ) | **CRIMINAL NO. 04-10111-MEL** |
| **and   "BLACKIE,"** ) | |
| ) | |
| **Defendant.** ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR AN ORDER TO RELEASE RECORDS**

Comes now the United States of America, by and through the undersigned counsel, and submits herewith the Government's Opposition to Defendant's Motion for an Order to Release Records. Defendant Corey Smith ("Smith"), in a motion filed less than one week before his October 19, 2006 re-sentencing, has requested that this Honorable Court issue an order directing "Pretrial Services to release *to defendant* any and all records in its possession, custody or control relating to his treatment and residence at Spectrum House and his residence at a sober house . . . while defendant was on pretrial release in the above case on the ground that these records are relevant to defendant's resentencing hearing . . ." (emphasis added). Smith's motion should be denied because, as more fully set forth below, his proposed order is at once too broad and too restrictive.

The government understands that, following the motion hearing in this matter held on June 14, 2006, Pre-Trial Services ("PTS") delivered to this Court for its *in camera* inspection copies of all the treatment and supervision records for Smith in its possession, custody or control. The government understands that the purpose of doing so was to give this Court the opportunity to determine if those records contained any information relevant to Smith's re-sentencing which was not contained in the PTS reports filed with the Court and shared with the parties or in the Pre-

Sentence Report ("PSR"), which also was shared with the parties.  Smith's motion for the release of **all** his treatment and supervision records is overbroad insofar as it is not limited to those records which this Court determines contain information relevant to Smith's re-sentencing which is not already available or known to the parties.  Without such a limitation, the Court risks opening "Pandora's box" should it order a wholesale release of Smith's pre-trial release records. Such a release would set an unfortunate precedent, encouraging any defendant who enjoyed any period of pre-trial release to move for the release of his records regardless of whether or not there is any good faith basis to believe that they contain information not already available to the parties.  Such motions would place an undue strain on PTS' limited resources.  Moreover, since PTS is bound not to release such records absent a court order, such motions would place an even greater undue strain on the limited resources of the Court.

In the event that this Court determines that certain records ought to be disclosed because they contain information relevant to Smith's re-sentencing which is not otherwise available to the parties, Smith's proposed order is too restrictive insofar as it requests that records be released only to the defendant.  Naturally, if the records in question warrant being released, they should be disclosed to **both** parties – to the government as well as to the defendant.

For all the foregoing reasons, the government respectfully recommends that this Honorable Court deny defendant Corey Smith's motion and proposed order, but issue an order either (i) denying the defendant's motion, or (ii) directing Pre-Trial Services to disclose to both parties only those records, if any, which the Court has determined contain information relevant to sentencing which

is not already available or known to the parties.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

          By:    *s/Patrick M. Hamilton/*
                    PATRICK M. HAMILTON
                    Assistant U.S. Attorney
                    One Courthouse Way
                    Boston, MA 02210

Date:  October 13, 2006          (617) 748-3251

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed via the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date:  October 13, 2006          *s/Patrick Hamilton/*
                                                    PATRICK M. HAMILTON