UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
UNITED STATES OF AMERICA      )
                              )
                              )
                              )
        v.                    )     CRIMINAL NO. 04-10111-MEL
                              )
                              )
                              )
COREY SMITH,                  )
                              )
        Defendant.            )
_____)
```

### DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

Defendant Corey Smith, by his attorney, hereby moves this Court to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10 for the following reasons:

1.  On January 3, 2005, defendant pleaded guilty to distributing a total of 14.25 grams of crack cocaine in six separate incidents, five of which involved school zones, in October and November of 2003.  This Court sentenced defendant to a term of imprisonment of 46 months, to be followed by six years of supervised release, and recommended that defendant participate in the 500 hour intensive drug treatment program while in prison. Although the Court accepted the Probation Department's calculation of an advisory Guidelines range of 100 to 125 months based on an offense level of 25 and a criminal history category of V, it nevertheless concluded that the sentence imposed satisfied the requirements of 18 U.S.C. §3553(a) because it was

sufficient, but not greater than necessary to comply with the
purposes of a criminal sentence.

    2.  On the government's appeal, the First Circuit vacated
the sentence and remanded for resentencing consistent with its
decision in United States v. Smith, 445 F.3 1 (1st Cir. 2006).
It concluded that a sentence of less than half of the minimum
Guideline range was "plainly unreasonable" because "the offense
is quite serious and the defendant's record unpromising, and
there are no developed findings to indicate that rehabilitation
is a better prospect than usual." Id. at 7.  Quoting from United
States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005), the First
Circuit explained: "[T]he farther the judge's sentence departs
from the guidelines sentence . . . the more compelling the
justification based on factors in section 3553(a) that the judge
must offer to enable the court of appeals to assess the
reasonableness of the sentence imposed."  It is worth noting that
the Supreme Court rejected just such a rule that uses the
percentage of a departure as the standard for determining the
strength of the justifications required for a specific sentence
in Gall v. United States, 128 S.Ct. 586 (2007).  Indeed, it is
clear that the 46 month sentence imposed by this Court would pass
muster under Gall.

    3.  Pursuant to the remand by the First Circuit, this Court
resentenced defendant to a term of imprisonment of 60 months,

with a judicial recommendation of the 500 hours drug treatment

program, to be followed by 6 years of supervised release, on

April 3, 2007.  Defendant is now in Coolidge House in Boston, a

pre-release facility, and has a release date of May 28, 2008.

4.  Section 3582(c) of the Title 18 of the United States

Code provides:

> [I]n the case of a defendant who has been
> sentenced to a term of imprisonment based on
> a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant
> to 28 U.S.C. 994(o), upon motion of the
> defendant or the Director of the Bureau of
> Prisons, or on its own motion, the court may
> reduce the term of imprisonment, after
> considering the factors set forth in section
> 3553(a) to the extent that they are
> applicable, if such a reduction is consistent
> with applicable policy statements issued by
> the Sentencing Commission.

In §1B1.10 of the Guidelines, the Sentencing Commission has set

forth the proper procedure for implementing such a reduction in a

concluded case.  A revised version of §1B1.10(a)(1), issued on

December 11, 2007, provides that the court may reduce the

defendant's term of imprisonment where the guideline range has

been reduced as a result of an amendment to the Guideline Manual

listed in §1B1.10(c).

5.  On December 11, 2007, the Commission added Amendment 706

to the list of amendments listed in §1B1.10(c).  This amendment,

which reduces the base offense level for most crack cocaine

offenses by two levels, is effective March 3, 2008.  In

§1B1.10(b)(2)(A), the Commission provides that except as provided
in subdivision (B), the Court shall not reduce the defendant's
term of imprisonment to a term that is less than the minimum of
the amended guideline range determined pursuant to the amendment.
The exception in §1B1.10(b)(2)(B), however, provides that:

> If the original term of imprisonment imposed
> was less than the term of imprisonment
> provided by the guideline range applicable to
> the defendant at the time of sentencing, a
> reduction comparably less than the amended
> guideline range determined under subdivision
> (1) may be appropriate.[1]

Application Note 3 further explains the court's authority to
impose a sentence below the low end of the amended guideline:

> For example, in a case in which: (1) the
> guideline range applicable to the defendant
> at the time of sentencing was 70-87 months;
> (2) the defendant's original term of
> imprisonment imposed was 56 months
> (representing a downward departure of 20
> percent below the minimum term of
> imprisonment provided by the guideline range
> applicable to the defendant at the time of
> sentencing); and (3) the amended guideline
> range determined under (b)(1) is 57 to 71
> months, a reduction to a term of imprisonment
> of 46 months (representing a reduction of

---

[1]/ This provision contains the caveat that "if the original
term of imprisonment constituted a non-guideline sentence
determined pursuant to 18 U.S.C. §3553(a) and United States v.
Booker, 543 U.S. 220 (2005), a further reduction generally would
not be appropriate."  The Commission has recently explained,
however, that this limitation applies only if the original
sentencing judge did not consider the guidelines at all in
imposing the sentence so that there would be no point of
reference from which to apply the proportionate reduction.  Since
this court did calculate and consider the advisory guidelines,
the further reduction in the present case would be appropriate.

> approximately 20 percent below the minimum
> term of imprisonment provided by the amended
> guideline range determined under subsection
> (b)(1) would amount to a comparable reduction
> and may be appropriate.

6. At the time defendant was sentenced, his base offense level, for offenses involving at least 5 grams but less than 20 grams of crack, was 26. This was increased by two levels to 28 pursuant to §2D1.2(a)(1) because of the offenses involving school zones, and the resulting offense level was reduced by three levels for acceptance of responsibility. The adjusted offense level of 25 at a criminal history category of V yielded a sentencing range of 100 to 125 months.

7. As a result of Amendment 706, the new base offense level for offenses involving at least 5 but less than 20 grams of crack is 24. With the same adjustments as in his original sentence, defendant's new adjusted offense level is 23, with a sentencing range of 84 to 105 months at a criminal history category V.

8. Since the term of imprisonment originally imposed of 60 months represented a downward departure of 40 percent below the minimum term of imprisonment of 100 months provided by the guideline range applicable at the time, a 40 percent reduction below the minimum term of 84 months provided by the amended guideline range (33.6 months) is appropriate pursuant to §1B1.10(b)(2)(B). Therefore, defendant would be eligible to be resentenced to a term of imprisonment of 50.4 months, reducing

his original term of imprisonment by 9.6 months.

9.    Since defendant has only approximately 3 months
remaining on his original term of imprisonment, he is eligible
for immediate release as of March 3, 2008, the effective date of
Amendment 706 and the revised §1B1.10.  Furthermore, the Court
should consider reducing the period of defendant's supervised
release by at least 6 months to take account of its inability to
afford him the full benefit of the sentence reduction to which he
is entitled.  According to Application Note 4(B) of §1B1.10:

> If the prohibition in subsection (b)(2)(c)
> relating to time already served precludes
> a reduction in the term of imprisonment to
> the extent the court determines otherwise
> would have been appropriate as a result of
> the amended guideline range determined under
> subsection (b)(1), the court may consider any
> such reduction that it was unable to grant in
> connection with any motion for early
> termination of a term of supervised release
> under 18 U.S.C. §3583(e)(1).

WHEREFORE, defendant prays that this Court immediately order
that he be released from custody of the Attorney General
effective March 3, 2008, and that the Court also reduce the
period of his supervised release by a period of at least 6
months.

COREY SMITH
By his Attorney,

s/Jonathan Shapiro
Jonathan Shapiro
BBO No. 454220
Stern Shapiro Weissberg
    & Garin LLP
90 Canal Street
Boston, MA 02114
617-742-5800


## Certificate of Service

    This is to certify that the foregoing document, file through the ECF system, will be sent electronically to the registered participants identified on the Notice of Electronic Filing on February 26, 2008.

s/Jonathan Shapiro