```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA )
                         )
         V.              )   CRIMINAL NO. 04-10111-MEL
                         )
COREY SMITH              )
                         )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR REDUCTION OF SENTENCE**

The United States, by United States Attorney Michael J. Sullivan and Assistant United States Attorney James Lang, responds herein to the defendant Corey Smith's Motion for Reduction of Sentence. The government agrees that the defendant is eligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 2B1.10.

**A.  Background**

The defendant pled guilty to six counts of distribution of cocaine base, i.e., crack cocaine, and one count of conspiring to sell crack cocaine. At his original sentencing, the Court determined that his offenses involved a total of 14.25 grams of crack, resulting in a base offense level under U.S.S.G. § 2D1.1 of 26, to which it added a two-level enhancement because of the proximity of the offenses to a school, and it deducted three levels for acceptance of responsibility. The resulting total offense level of 25, in conjunction with a criminal history category of V, which the court found to be applicable, resulted

in a guidelines sentencing range ("GSR") of 100-125 months.  The Court deviated from that GSR after considering the 18 U.S.C. § 3553(a) factors, and it imposed a 46-month term of incarceration, with six years of supervised release to follow.

The government appealed the sentence.  The First Circuit vacated the sentence and remanded the case for resentencing.  See United States v. Smith, 445 F.3d 1 (1st Cir. 2006).  At the resentencing, the Court found the same GSR to be applicable.  It again deviated from that GSR and imposed a 60-month term of incarceration, again with six years of supervised release to follow.  The government did not appeal.

**B.  Eligibility for a Sentence Reduction**

Section 3582(c)(2) of Title 18 of the United States Code provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded

2

case.[1]  On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  Revised § 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) *In General*.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) *Exclusions*.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>   (A) none of the amendments listed in subsection (c) is

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  *See, e.g.*, *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

>            applicable to the defendant; or
>
>    (B)   an amendment listed in subsection (c) does not
>          have the effect of lowering the defendant's
>          applicable guideline range.
>
> (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings
>     under 18 U.S.C. § 3582(c)(2) and this policy statement
>     do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. <u>See</u> U.S.S.G., Supplement to App. C, Amend. 706.

Previously, the Commission had set the crack offense levels in § 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set

corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

Section 1B1.10(b)(2)(A) provides that, ordinarily, a court

should not reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 2B1.10(b)(2)(A). The caveat to that admonition, however, appears in § 2B1.10(b)(2)B), which provides:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate.

U.S.S.G. § 2B1.10(b)(2)(B).

The defendant is correct that Amendment 706 reduced the GSR applicable in his case, and therefore the Court may consider whether to reduce his sentence. Specifically, the base offense level in this case is now 24, pursuant to amended § 2D1.1; when combined with the other guideline applications made earlier, the final offense level is 23. At the established criminal history category of V, this results in a GSR of 84-105 months. This is a reduction from the previously applied GSR of 100-125 months.[2]

---

[2] Although the defendant qualifies for a reduction in sentence under 18 U.S.C. § 3582(c)(2), the government is of the view that, by the express terms of both that section and U.S.S.G. § 1B1.10, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). In determining whether and by how much to reduce the defendant's sentence, the government contends that the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. See U.S.S.G. § 1B1.10, Revised application note 1(B)(ii) ("[t]he court shall consider the nature and

The previously imposed incarcerative sentence of 60 months represented a 40 per cent variance below the 100-month low-end of the original 100-125 month GSR.  The defendant is therefore entitled to a like variance below the 84-month low-end of the new GSR of 84-105 months.  That would constitute a sentence of 50.4 months.

Because the defendant is scheduled to be released from Bureau of Prisons Custody on May 28, 2008, approximately three months from now, the nearly 10-month reduction in his sentence would qualify him for immediate release, at least as of March 3, 2008 (the effective date of the Sentencing Commission's action making the crack cocaine amendments retroactive).  Accordingly, the government assents to imposition of a "time-served" sentence, effective on March 3, 2008, with six years of supervised release to follow (with the same mandatory, standard, and special conditions of supervised release as were previously imposed).[3]

---

seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"); Revised application note 1(B)(iii) ("[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment").  The government agrees, however, that neither considerations of public safety, nor the defendant's conduct while in the custody of the Bureau of Prisons, warrants denial of the sentence reduction to which he is otherwise entitled.

[3]The government objects to the defendant's request that the Court reduce his term of supervised release by six months as consideration for the fact that, because of the imminence of his release from custody, his sentence reduction will effectively

In the government's view, the Court can and should modify the defendant's sentence without the necessity of a sentence modification hearing (or the defendant's presence thereat) and it should do so by issuing an order and amended judgment on March 3, 2008.

>
> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By: /s/ James Lang
> James Lang
> Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

> /s/ James Lang
> JAMES LANG
> Assistant U.S. Attorney

---

only be three months in total, rather than the 9.6-month reduction he would have received were the sentence reduction to have occurred earlier. The government notes that Application Note 4(B) of U.S.S.G. § 1B1.10, on which the defendant relies in making the request to reduce his term of supervised release, by its express terms invites a court to consider such a factor when deciding whether to allow a motion for early termination of supervised release. It does not authorize or encourage courts to reduce the supervised release term on the front end, before any of it has been served. Accordingly, in the instant case, the defendant is entitled to ask the court to factor in the limited benefit he received from the retroactive reduction in crack cocaine offense levels if, after he has served approximately five and a half years of his six-year term of supervised release, he files a motion for early termination.